On Motion fob Rehearing and for Written Opinion

PER CURIAM.
We deny appellant’s motion for rehearing but grant the motion for written opinion, withdraw our prior opinion, and issue the following in its place.
We affirm the final judgment terminating the parental rights of appellants to their living children. Competent substantial evidence supported the trial court’s determination that the parents
engaged in egregious conduct or had the opportunity and capability to prevent and knowingly failed to prevent egregious conduct that threatens the life, safety, or physical, mental, or emotional health of the child or the child’s sibling. Proof of a nexus between egregious conduct to a child and the potential harm to the child’s sibling is not required.
§ 39,806(l)(f), Fla. Stah
In this case, an infant child of the parents was found buried in the parents’ backyard. The medical examiner testified that the child was a victim of a homicide by violent means. Although the mother testified that the child was in the care of the father at the time of his death, the evidence was conflicting as to which parent was actually with the child. Even if the mother was not present at the exact time of the child’s death, she and the father were his caretakers and had the responsi *212 bility for his safety. Most importantly, the mother failed to report the infant’s absence to authorities for over a year. When finally questioned by detectives seeking to locate the infant, the mother suggested the location as to where they might find the child’s body. The court found both the father and the mother not credible, including the mother’s explanation that she thought the child was with his paternal grandparent. The court determined that the parents had acted in concert in the infant’s death and covering it up.
Although the mother cites to M.C. v. Department of Children and Families, 186 So.3d 74 (Fla. 3d DCA 2016), for support, it is distinguishable. In that case there was no direct evidence of who or what caused the injury to the child; thus, the finding of egregious abuse by the mother was based upon speculation. Id. at 80. Unlike this case, the mother in M.C. immediately sought care for her child when injuries appeared. Id. In this case, the medical examiner testified that the child’s death was a homicide by violent means, thus establishing that the child did not die by accidental means. Even if there was no direct evidence that the mother participated in the murder of her child, she covered up his disappearance for over a year. That, in and of itself, shows that the mother completely failed to account for her child’s safety. We conclude, as did the trial court, that it constitutes egregious conduct which would threaten the safety of her remaining children.
Based on this, as well as the evidence that the mother and father were the primary caretakers of the child and the child was in their custody and care at the time of his death, this case is not, as the mother argues, in conflict with our decision in D.O. v. S.M., 981 So.2d 11 (Fla. 4th DCA 2007).
We affirm the termination of parental rights of both parents and reject all issues raised as without merit.
WARNER, GROSS and TAYLOR, JJ., concur.